**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4146**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ZACHARY TRISTIAN BATIE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:17-cr-00196-D-1)

Submitted:  September 27, 2018                    Decided:  October 10, 2018

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zachary Tristian Batie pled guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count 1), possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Count 2), and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012) (Count 3). The district court sentenced Batie to 102 months' imprisonment, within the applicable Sentencing Guidelines range. Batie now appeals, contending that his sentence is substantively unreasonable. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the parties' briefs and the record on appeal leads us to conclude that Batie fails to rebut the presumption of reasonableness afforded his within-Guidelines sentence. In explaining Batie's sentence, the district court explicitly addressed several of the § 3553(a) factors. The court considered the nature and circumstances of the offenses, taking into account that Batie committed three serious crimes, and noting in particular that, when law enforcement conducted the traffic stop, Batie had two loaded firearms in

his vehicle, including one that was in his lap. Regarding Batie's history and characteristics, the court noted that Batie had been convicted of North Carolina assault with a deadly weapon inflicting serious injury for shooting a man in the chest and then committed the instant federal offenses eight months into his post-release supervision for the North Carolina crime. Acknowledging defense counsel's arguments about Batie's relative youth, the court remarked that the Bureau of Prisons would offer Batie opportunities if he was willing to avail himself of them. As for defense counsel's arguments about the lack of deterrence for longer sentences, the court opined that the below-Guidelines sentence counsel advocated would not provide sufficient deterrence, particularly in light of the nature of Batie's crimes and the fact that he committed them while on post-release supervision for a very serious offense.

Because Batie has not rebutted the presumption of reasonableness afforded his within-Guidelines-range sentence, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*